UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY FLETCHER,

    Plaintiff,

   v.

THE WARDEN AT SALINAS VALLEY STATE PRISON,

    Defendant.

Case No. 16-cv-04109-YGR (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I.   INTRODUCTION

Plaintiff, as state prisoner currently incarcerated at Salinas Valley State Prison ("SVSP"), filed a civil rights complaint under 42 U.S.C. § 1983 as well as a request for leave to proceed *in forma pauperis*. Plaintiff's request for leave to proceed *in forma pauperis* will be granted in a separate Order.

The Court now reviews Plaintiff's complaint pursuant to 28 U.S.C. §1915. In the instant complaint, Plaintiff complains generally of the lack of cameras at the prison, and how such a lack of cameras has led to several alleged constitutional violations against "Black inmates." Dkt. 1 at 3. However, Plaintiff fails to specify any more details as to these alleged violations. Therefore, the Court finds that the aforementioned allegations fail to state a claim and this complaint will be dismissed, but Plaintiff will be provided leave to amend to attempt to cure the deficiencies described below. The Court also finds that the complaint is deficient because it fails to provide sufficient information regarding the exhaustion of administrative remedies.[1] *See id.* at 1-2.

For the reasons set forth below, the Court DISMISSES the complaint with leave to amend and directs Plaintiff to show cause why this case should not be dismissed without prejudice for failure to exhaust.

---

[1] The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. *Ross v. Blake*, 136 S. Ct. 1850, 1856-58 (2016); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).

## II.   DISCUSSION

### A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633; *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995). To state a claim a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded. *See Paul v. Davis*, 424 U.S. 693, 697 (1976).

Although a plaintiff is not required to plead "specific factual details not ascertainable in advance of discovery," *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986), he does not state a claim under 42 U.S.C. § 1983 if the allegations in the complaint are mere conclusions, *Kennedy v. H & M Landing, Inc.*, 529 F.2d 987, 989 (9th Cir. 1976); *Fisher v. Flynn*, 598 F.2d 663, 665 (1st Cir. 1979). A complaint must contain sufficient allegations to put defendants fairly on notice of the claims against them. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the notice requirements of Federal Rule of Civil Procedure 8(a). *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

### B. Legal Claims

Plaintiff asserts that there are "no cameras on A, B, C nor D Facility nor inside the buildings" at SVSP and "that's why so many Black inmates ha[ve] been beaten up, set up, shot and assaulted . . . ." Dkt. 1 at 3. Plaintiff adds that: "racist officers ha[ve] hurt[] [him] and others and the Warden knows, but intentionally covered it all up"; "U.S. Legal Mail has been thrown away"; he has "been neglected [by] medical care [staff] . . . given wrong[] medications [and] lied to; and he "almost committed suicide." *Id.* To state a claim in this context Plaintiff must give specific instances as to when or where any of the aforementioned alleged violations took place. He also fails to specifically name who are responsible for such violations. Finally, aside from generally alleging that "racists" officers "hurt" him and neglected his medical care, Plaintiff does not specifically state that he was the target of any of the other alleged violations. While the Count can understand Plaintiff's frustration, these allegations are not sufficient to state a "plausible" claim under the law that *Plaintiff's* constitutional rights were violated. The complaint will be dismissed with leave to amend.

In amending, Plaintiff should provide enough facts to explain, for instance, in what way *his* particular constitutional rights were violated by SVSP prison staff. This Court considers only claims of violations of federal law; therefore, Plaintiff must allege facts sufficient to show that aforementioned violations he listed—including alleged problems with his safety, with the handling of his legal mail, or with his medical care—rise to the level of constitutional violations.

3

The Court further notes that the only defendant named is the Warden at SVSP. Plaintiff is attempting to hold an individual liable, so he must specifically allege facts showing what that individual did that violated his constitutional rights. *See Leer*, 844 F.2d at 634 (sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" actions which violated his or her rights). There is no respondeat superior liability in section 1983 cases. Therefore, the warden cannot be held liable simply because he is in charge of the prison. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Lastly, as mentioned above, this Court finds that the complaint is deficient because it fails to provide sufficient information regarding the exhaustion of administrative remedies. *See* Dkt. 1 at 1-2. Moreover, Plaintiff has failed to provide specific dates for any of the alleged constitutional violations mentioned above. If any of the alleged violations occurred close in time to the date that he signed the instant complaint on July 11, 2016, then it would be unlikely that Plaintiff could have fully exhausted his claims between the incident and the filing of this action. Nor can Plaintiff proceed with this case if he exhausts his claim after the filing of this action. A prisoner must exhaust his administrative remedies for constitutional claims prior to asserting them in a civil rights complaint. 42 U.S.C. § 1997e(a); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). If a prisoner exhausts a claim after bringing it before the court, his subsequent exhaustion cannot excuse his earlier failure to exhaust. *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) ("[A prisoner] may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed. It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than that.") When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." *Wyatt v. Terhune*, 315 F.3d, 1108, 1120 (9th Cir. 2003) *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). However, as mentioned above, Plaintiff failed to provide sufficient information regarding the exhaustion of administrative remedies. *See* Dkt. 1. Plaintiff merely checks the box "NO" next to the question "[D]d you present the facts of your complaint for review through the grievance procedure?" *Id.* at 1. When asked to explain why not, he states in a conclusory fashion, "Because I was threaten[ed]

4

1  and retaliated against [sic]." *Id.* Plaintiff has indicated the same conclusory response that he was
2  "threaten[ed]" and "retaliated against [sic]" to the question, "If you did not present your claim for
3  review through the grievance procedure, explain why?" *Id.* at 3. Such a vague and conclusory
4  response is insufficient. Plaintiff has not alleged any extraordinary circumstances which might
5  compel that he be excused from complying with PLRA's exhaustion requirement. *Cf. Booth*, 532
6  U.S. at 741 n.6 (courts should not read "futility or other exceptions" into section 1997e(a)).
7  During the same time frame that he amends his complaint, Plaintiff will be given an opportunity to
8  show cause why this case should not be dismissed without prejudice for failure to exhaust.
9  Specifically, to avoid dismissal, Plaintiff needs to provide proof that extraordinary circumstances
10 existed in order to excuse him from complying with PLRA's exhaustion requirement. *See e.g.*,
11 *Ross*, 136 S. Ct. at 1859-60 (identifying "three kinds of circumstances in which an administrative
12 remedy, although officially on the books, is not capable of use to obtain relief.")

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above, within **twenty-eight (28) days** of the date this Order is filed. The amended complaint must include the caption and civil case number used in this Order (C 16-04109 YGR (PR)) and the words "AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the prior pleadings, Plaintiff may not incorporate material from the prior pleadings by reference but must include in the amended complaint all the claims and allegations he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992)**. Failure to amend within the designated time and in accordance with this Order will result in the dismissal of this action.**

2. Also within **twenty-eight (28) days** of the date this Order is filed, Plaintiff must show cause why this case should not be dismissed without prejudice for failure to exhaust, as directed above. **Failure to reply will result in dismissal without prejudice.**

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

1  Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes
2  while an action is pending must promptly file a notice of change of address specifying the new
3  address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail
4  directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and
5  (2) the Court fails to receive within sixty days of this return a written communication from the *pro*
6  *se* party indicating a current address.  *See* L.R. 3-11(b).

7      4.    The Clerk of the Court shall send Plaintiff a blank civil rights complaint form along
8  with his copy of this Order.

9      IT IS SO ORDERED.

10 Dated: September 6, 2016

11                                                 _____
12                                                 YVONNE GONZALEZ ROGERS
                                                United States District Court Judge

United States District Court
Northern District of California